UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YOSHIO I. ACOSTA, Reg. No. 73486-280, Petitioner, | § § § § | |
| v. | § § | EP-17-CV-23-FM |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

# MEMORANDUM OPINION AND ORDER

Yoshio I. Acosta, a self-represented inmate at the Federal Correctional Institution in Adelanto, California, petitions the Court to grant him credit toward the sentence imposed in EP-10-CR-3058-PRM-5 for the 16 months he spent under state control before the United States Marshals Service took him into exclusive federal custody. Acosta originally filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California. The California District Court construed Acosta's petition as a motion under 28 U.S.C. § 2255 to correct his sentence and transferred it to this Court. For the reasons outlined below, the Court will deny Acosta's petition, pursuant to 28 U.S.C. §§ 2243, 2255(b).[1]

## FACTUAL AND PROCEDURAL HISTORY

On July 7, 2010, deputies with the El Paso County Sheriff's Department arrested Acosta on

---

[1] *See* 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."); 28 U.S.C. § 2255(b) (2012) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

a capias for violating the probation ordered by Criminal District Court No. 1 in El Paso County, Texas, in Cause No. 20060D01825.[2] On September 16, 2010, the Criminal District Court sentenced Acosta to an aggregate three-year sentence for the following offenses:

(a) In Cause No. 20060D01825, to a three-year term of imprisonment for possession of marijuana;[3]

(b) In Cause No. 20090D05731, to a concurrent six-month term of imprisonment for delivery of a simulated controlled substance;[4]

(c) In Cause No. 20100D03951, to a concurrent three-year term of imprisonment for burglary of habitation;[5] and

(d) In Cause No. 20100D00927, to a concurrent three-year term of imprisonment for assault on family or house member by impeding breathing or circulation.[6]

On December 1, 2010, the Texas Department of Criminal Justice ("TDCJ") determined that Acosta satisfied his sentence in state Cause No. 20090D05731. Then, on November 9, 2011, the TDCJ released Acosta to mandatory supervision in state Cause Numbers 20060D01825, 20100D03951, and 20100D00927.[7]

Meanwhile, on February 16, 2011, the United States District Court for the Western District

---

[2] Resp't's Answer, Ex. B (Capias for Arrest), ECF No. 6-2.

[3] *Id.*, Ex. C (J. Revoking Community Supervision), ECF No. 6-2.

[4] *Id.*, Ex. D (J. of Conviction), ECF No. 6-2.

[5] *Id.*, Ex. E (J. of Conviction), ECF No. 6-2.

[6] *Id.*, Ex. F (J. of Conviction), ECF No. 6-2.

[7] *Id.*, Ex. I (Release on Mandatory Supervision), ECF No. 6-2.

of Texas ("Texas District Court") issued a writ of habeas corpus ad prosequendum and ordered the United States Marshal's Service ("USMS") to produce Acosta for federal proceedings in Criminal Cause No. EP-10-CR-3058-PRM-5.[8] On March 22, 2011, the USMS took Acosta into custody from the TDCJ.[9] On October 25, 2012, the Texas District Court sentenced Acosta to a 168-month term of imprisonment for conspiracy to possess with intent to distribute a controlled substance, and to a 120-month term of imprisonment for felon in possession of a firearm, to be served concurrently with the state sentences in Criminal Cause Numbers 20060D01825, 20100D03951, and 20100D00927.[10] On December 17, 2012, the Texas District Court issued a second amended judgment and reduced Acosta's 168-month sentence to a 144-month term of imprisonment.[11]

Based on the forgoing, the Bureau of Prisons ("BOP") computed Acosta's 144-month sentence as follows. First, pursuant to 18 U.S.C. § 3585(a), the BOP determined that his sentence commenced on October 25, 2012, the date the Texas District Court imposed the original sentence. Next, the BOP awarded Acosta pre-sentence custody credit from November 10, 2011, the day after the TDCJ released Acosta to mandatory supervision in the three state criminal cases, through October 24, 2012, the day before the Texas District Court imposed his sentence.[12]

Acosta now asserts the BOP failed to correctly calculate his federal sentence and asks this

---

[8] *Id.*, Ex. G (Writ of Habeas Corpus Ad Prosequendum), ECF No. 6-2. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir.1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.").

[9] Resp't's Answer, Ex. H (USMS Prisoner Tracking System, Yoshio Acosta), ECF No. 6-2.

[10] *Id.*, Ex. K (J.), ECF No. 6-2.

[11] *Id.*, Ex. L (2d Am. J.), ECF No. 6-2.

[12] *Id.*, Ex. A (Inmate Data), ECF No. 6-2.

Court to adjust his sentence "to Reflect The [Texas] District Courts [sic] Sentencing Intentions to Credit Petitioner With The Time Served in The State." Specifically, he asks the Court to reduce his sentence by 16 months:

> At the time of Petitioner's Federal Sentencing proceedings he had already served 27 months of his 36 month state sentence(s) and the FBOP only credited him for 11 months served while in "constructive custody." Thus, Petitioner asks that his 144 months sentence be adjusted to 128 months (144 less 16 months), and his 120 months sentence be adjusted to 104 months (120 less 16 months) to reflect the sentencing courts intentions to credit Petitioner for the time he had served in the state.[13]

Thus, the only time period at issue is the time Acosta spent in state custody serving his state sentences from July 7, 2010, through November 9, 2011.

## APPLICABLE LAW

A petitioner may attack the execution of his sentence pursuant to 28 U.S.C. § 2241.[14] More specifically, a petitioner may use a § 2241 petition to attack "the prison authorities' determination of its duration."[15] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[16] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[17]

By contrast, a motion under 28 U.S.C. § 2255 "'provides the primary means of collateral

---

[13] Mem. in Supp. 5, ECF No. 2.

[14] *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[15] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[16] 28 U.S.C. § 2241(c) (2012).

[17] *Cleto*, 956 F.2d at 84.

attack on a federal sentence.'"[18] Thus, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[19] A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[20]

## ANALYSIS

The gravamen of Acosta's argument is that the BOP erred when it failed to award credit toward his current federal term of imprisonment for the time he spent in state custody while serving his state sentences. Specifically, Acosta asserts an entitlement to an additional sixteen months of credit toward his federal sentence for time he spent in state custody from July 7, 2010, the day he was arrested by The El Paso County Sheriff's Department, through November 9, 2011, the day the TDCJ granted him release under mandatory supervision and turned him over to the USMS.

Pursuant to § 2241, a petitioner may only attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian.[21] The BOP currently confines Acosta at the Federal Correctional Institution in Adelanto, California. Adelanto is within the

---

[18] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[19] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[20] *Pack*, 218 F.3d at 452.

[21] *Reyes-Requena*, 243 F.3d at 900–01; *Tolliver*, 211 F.3d at 877; *Cleto*, 956 F.2d at 84.

jurisdictional limits of the United States District Court for the Central District of California ("California District Court"). Thus, the California District Court, not the Texas District Court, has jurisdiction over his custodian.

Acosta originally filed his petition in California District Court, but it transferred the case to this Court, reasoning it was not a § 2241 petition, but a § 2255 motion:

> This Court does not have jurisdiction over Petitioner's claim. Although the petition challenges the BOP's computation of his sentence — a claim that, at first blush, falls within this court's jurisdiction under 28 U.S.C. § 2241 — Petitioner's claim requires the Court to determine the intent of the sentencing judge in ordering that Petitioner's federal sentence be served concurrently with his expired state sentence. Petitioner therefore challenges the legality of the sentence imposed, rather than the BOP's calculation of that sentence. Generally, a federal prisoner's exclusive remedy to challenge the legality of confinement is to file a motion in the jurisdiction of sentencing. *See Hernandez v. Campbell*, 204 F. 3d 861, 864 (9th Cir. 2000). Although a federal prisoner may bring the same challenge under § 2241 in the jurisdiction of confinement if he or she can show that a remedy under § 2255 would be "inadequate or ineffective," Petitioner has made no attempt to do so. *Id.*; *see also* 28 U.S.C. § 2255(e).[22]

This Court will accordingly address Acosta's claim directly without regard to whether it is time or procedurally barred.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[23] Thus the BOP, not the judiciary, is

---

[22] Civil Minutes, ECF No. 10.

[23] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or

responsible for implementing the statutes concerning the computation of a federal sentence.

According to 18 U.S.C. § 3585(a), federal sentence does not commence until the BOP receives a defendant into its custody to serve a sentence:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.[24]

The BOP may grant credit, according to 18 U.S.C. § 3585(b), against a federal sentence for time spent in pretrial custody if the time is not credited against another sentence:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*[25]

The Supreme Court explains that when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time."[26]

In this case, El Paso County authorities arrested Acosta on July 7, 2010, on a state capias. On September 16, 2010, the Criminal District Court sentenced him to an aggregate term of three years' imprisonment for a probation violation and other offenses. On February 16, 2011, the

---

convicted of offenses against the United States.").

[24] 18 U.S.C. § 3585(a) (2012).

[25] *Id.* § 3585(b) (emphasis added).

[26] *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Texas District Court issued a writ of habeas corpus ad prosequendum and ordered the USMS to produce Acosta for proceedings in Criminal Cause No. EP-10-CR-3058-PRM-5. On March 22, 2011, the USMS took Acosta into custody from the TDCJ.[27] On October 25, 2012, the Texas District Court sentenced Acosta to an aggregate 168-month term of imprisonment, to be served concurrently with his state sentences in Criminal Cause Numbers 20060D01825, 20100D03951, and 20100D00927. On November 9, 2011, the TDCJ granted Acosta release to mandatory supervision in State Cause Numbers 20060D01825, 20100D03951, and 20100D00927. On December 17, 2012, the Texas District Court issued a second amended judgment and reduced Acosta's aggregate 168-month term of imprisonment to an aggregate 144-month term of imprisonment.[28]

According to Fifth Circuit precedent, "sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."[29] "Moreover, a district court does not have the authority under § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence."[30] Thus, it was well-established law in the Fifth Circuit at the time of Acosta's sentencing, which the Texas District Court fully understood, that Acosta's concurrent federal sentence would begin to run as of October 25, 2012, the date it first imposed a sentence on Acosta, and that Acosta would not receive credit for time credited toward

---

[27] Resp't's Answer, Ex. H (USMS Prisoner Tracking System, Yoshio Acosta), ECF No. 6-2.

[28] *Id.*, Ex. L (2d Am. J.), ECF No. 6-2.

[29] *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

[30] *Gotay-Aviles v. Maye*, 472 F. App'x 273 (5th Cir. 2010).

his state sentences.

Based on the forgoing, the Bureau of Prisons ("BOP") correctly computed Acosta's 144-month sentence as follows. First, pursuant to § 3585(a), the BOP determined that his sentence commenced on October 25, 2012, the date the Texas District Court imposed the original sentence. Next, the BOP awarded Acosta pre-sentence custody credit from November 10, 2011, the day after the TDCJ released Acosta to mandatory supervision in the state criminal cases, through October 24, 2012, the day before the federal court imposed his sentence.[31]

Consequently, in accordance with § 3585(b), Acosta is not entitled to pretrial custody credit against his federal sentence for the time credited against his state sentences.[32] Therefore, Acosta cannot meet his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States."[33] He is not entitled to relief under either § 2241 or § 2255.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[34] A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[35]

---

[31] See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.").

[32] See Leal v. Tombone, 341 F.3d 427, 430 (5th Cir. 2003) (holding that the BOP was not required to credit the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence because that time was already credited against state sentence).

[33] 28 U.S.C. § 2241(c).

[34] 28 U.S.C. § 2253(c)(1)(B) (2012).

[35] Id. § 2253(c)(2).

Here, Acosta's § 2255 motion fails because he has not made a substantial showing of the denial of a constitutional right. Thus, the Court will deny him a certificate of appealability.

## CONCLUSION AND ORDERS

After examining the pleadings and the record, the Court concludes that Acosta is not entitled to relief. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Acosta's petition/motion (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Acosta is **DENIED** a certificate of appealability.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this _____12_____ day of April, 2017.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**